WILLIAM J. GEDDES
Nevada Bar No. 6984
KRISTEN R. GEDDES
Nevada Bar No. 9027
THE GEDDES LAW FIRM, P.C.
1575 Delucchi Lane, Suite 206
Reno, Nevada 89502
Phone: (775) 853-9455
Fax: (775) 299-5337
Email: Will@TheGeddesLawFirm.com
Email: Kristen@TheGeddesLawFirm.com
*Attorneys for Plaintiff Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MICHAEL FAKER, individually, and MICHAEL FAKER, as parent and guardian for E.F., a minor. | CASE NO: 3:20-cv-00285-LRH-WGC |
| Plaintiff, | |
| vs. | **STIPULATED PROTECTIVE ORDER Regarding** |
| WASHOE COUNTY SCHOOL DISTRICT a political subdivision of the State of Nevada; TAMMY HART, in her individual and official capacities; JASON URMSTON, in his individual and official capacities; and ROLLINS STALLWORTH, in his individual and official capacities. | **CONFIDENTIALITY OF DOCUMENTS PRODUCED IN LITIGATION** |
| Defendants. | |

Pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 26(f) and U.S. District Court of Nevada Rule ("Local Rule") 26-1(a), the parties through their respective counsel, hereby submit the following *Stipulated Protective Order*.

**I.     RECITALS**

WHEREAS: the parties to the above-captioned litigation anticipate that discovery will require the parties to disclose records and information that are confidential and sensitive; such records are anticipated to include the parties' private employment records, private medical records, records containing trade secret information, or education records protected by the Family Educational Rights and Privacy Act of 1974, 20 U.S.C. §1232g ("FERPA"), or any other personally identifiable information subject to protection under the Federal Rules of Civil Procedure or Nevada law

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

1 ("Confidential Information"); and

2      WHEREAS: the parties seek to protect and prevent the improper dissemination of such

3 "Confidential Information" to third parties, during the course of litigation and after the litigation has

4 ended;

5 **II.**      **STIPLUATION**

6      THEREFORE: the parties, by and through their respective counsel of record, hereby stipulate

7 and request the Court issue an Order ("*Stipulated Protective Order*"), protecting the confidential nature

8 of certain records and information as may be produced during the course of the above-captioned

9 matters, as follows:

10      1.     If any person or entity, whether or not a party to the instant action, produces or receives

11 answers to interrogatories, or documents or other things, which the producing or receiving person or

12 entity considers to be "Confidential Information," as defined herein in § II(3)(A)(I) *infra*; or

13      2.     If there is deposition testimony which any person or entity, whether or not a party to the

14 instant action, believes contains "Confidential Information," as defined herein in § II(3)(A)(I) *infra*; or

15      3.     Third parties produce information which the third-parties assert is confidential, the

16 following procedure shall govern pursuant to Fed. R. Civ. P. 26(c) *et. seq.*:

17           A.     Any documents (and the contents thereof), things or information falling within

18 the definition of "Confidential Information," set forth herein in § II(3)(A)(I) *infra*, that are produced

19 may be designated and marked, in whole or in part, without regard to whether redactions are made,

20 "Confidential" by the party producing the documents or information, at the time the documents are

21 delivered to or made available for inspection by any party;

22              I.     "Confidential Information" is defined herein as: (a) employment records

23 of any employees or former employees of any party; (b) confidential notes, memoranda, and statements

24 regarding non-party employees; (c) confidential information concerning the discipline and/or

25 termination of non-party employees and former employees; (d) the production of information or

26 documents proprietary to any party, including by way of example and not limitation, tax records,

27 financial statements; (e) other private information of any party or non-party to the present litigation,

28 including consumer records, *e.g.*, phone bills; (f) financial records and business records of any person

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

1  or entity, whether a party or non-party to the present litigation; (g) medical records, including medical

2  bills and psychological records, and medical information of any person, whether a party or non-party to

3  the present litigation; (h) the name and identity of any student or former student of Defendant Washoe

4  County School District; (i) the education records of any student or former student of Defendant Washoe

5  County School District; and (j) any Confidential Administrative Investigative Reports, and their related

6  documents, conducted by Defendant Washoe County School District.

7              B.      If a party produces to another party items that contain Confidential Information

8  as defined above, that party may designate one or more documents, or a portion of a document, as

9  "Confidential" before producing that document to the other party.  Such designation shall be made by

10  marking, stamping or typing the word "Confidential" on each page of the document at the time it is

11  produced to the receiving party's counsel;

12              C.      Any party may designate deposition testimony as "Confidential" by orally

13  making such a designation on the record either at the commencement of the deposition, at the time the

14  testimony is given, and/or before the end of that day's questioning.  Following such a designation, the

15  court reporter shall mark "Confidential" on the transcript or the portion thereof containing the

16  "Confidential" testimony;

17              D.      In addition, documents or items produced by one party may be designated

18  "Confidential" by the other party, *i.e.*, the receiving party, by:

19                    I.      marking the document, in whole or in part, "Confidential" in the same

20  manner as stated above; and

21                    II.      then forwarding a copy of the marked document back to the producing

22  party;

23              E.      In this regard, the receiving party seeking the "Confidential" designation may

24  designate, by number, each document it believes should be "Confidential";

25              F.      If the receiving party has no objection to the "Confidential" designation made by

26  the producing party, the receiving party may either expressly notify the producing party or allow the ten

27  calendar-day objection period (set forth below) to lapse.  Where there has been no written objection

28  made, once a document or item has been produced and designated as provided herein to the receiving

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

1 party, the document or item shall be treated as "Confidential," respectively, pursuant to this *Stipulated*

2 *Protective Order*, until further order of the Court;

3    4.    The following protocol shall apply in the event of an objection to a designation of

4 "Confidential":

5        A.    If there is an objection to the "Confidential" designation, the party so objecting

6 must notify the other party in writing of both the objection and the grounds for the objection within

7 twenty-five (25) calendar days from the date the designation was made or the document(s)/item(s)

8 received, whichever is later, and the procedure herein in § II(4)(B) *infra*, shall apply;

9        B.    If the parties do not agree that the documents, information or testimony should

10 be treated as confidential, the parties shall attempt to resolve the issue by meeting and conferring.  If a

11 resolution does not occur, either party may file a motion with the Court to resolve the dispute.  Such

12 motion must be filed within thirty (30) calendar days of receipt of the written objection to the

13 designation, unless stipulated otherwise by counsel.  If an objection has been raised, the documents,

14 testimony and/or information at issue shall be governed by §§ II (3)(A)-(F), inclusive, of this *Stipulated*

15 *Protective Order*, and treated and regarded as "Confidential" from the date of disclosure and/or

16 production until the dispute is resolved informally by the parties or a final order is issued by the Court

17 resolving the dispute.  In the event of such motion, the parties having entered into this *Stipulation* and

18 the existence of the Court's *Order* entered thereon shall not affect the burden of proof on any such

19 motion, nor impose any burdens upon any party that would not exist had this *Stipulated Protective*

20 *Order* not been entered;

21    5.    A document or testimony, or portion, summary, or abstract thereof, that is to be treated

22 "Confidential" pursuant to this *Stipulated Protective Order* shall not be disclosed to, revealed to or

23 discussed with any persons other than the parties, counsel of record for the parties, attorneys, legal

24 assistants and clerical personnel employed by them, and other persons to whom disclosure is necessary

25 for the purposes of this litigation. (This allows disclosure to the officers, directors, employees or former

26 employees of the parties, persons requested by counsel for any party to furnish technical or expert

27 service or to give expert testimony with regard to the subject matter of the document(s), item(s) or

28 expert testimony for the trial of this action).  However, each such person to whom a party makes such

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

1 disclosure shall read this *Stipulated Protective Order* and acknowledge in writing that he/she is fully

2 familiar with the terms hereof and agrees to comply with, and be bound by, this *Stipulated Protective*

3 *Order* until modified by either further order of the Court or agreement of all the affected parties;

4      6.      Anyone seeking to file any "Confidential" documents, testimony, or information or any

5 pleadings or memorandum purporting to reproduce or paraphrase all or any portion of such confidential

6 material with this Court must first attempt to make such filings confidentially, by seeking to obtain

7 prior leave of Court for filing the same under seal.  Notwithstanding any agreement among the parties,

8 the party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of

9 public access to papers filed in Court. Any motion regarding filing confidential information and

10 motions to seal shall comply with LR IA 10-5 and the requirements of *Kamakana v. City and County of*

11 *Honolulu*, 447 F.3d 1172 (9th Cir. 2006).  *See also, Center for Auto Safety v. Chrysler Group*, LLC,

12 809 F.3d 1092, 1097 (9th Cir. 2016).  NOTE: If the document is filed electronically, the appropriate

13 protocol for that purpose will be utilized;

14      7.      If such application for leave of Court to file any document(s) under seal is denied, then

15 the party who sought leave will be relieved, in that instance only, and only as to such documents for

16 which leave of Court was denied, from complying with this stipulation in relation to that filing;

17      8.      Any documents, testimony, and/or information that has been rendered "Confidential"

18 under the parties' *Stipulated Protective Order* and any other information produced or exchanged in the

19 course of this case (other than information that is publicly available) is to be used only in the above-

20 captioned action, and may not be used in any other action or for any other purpose unless the party

21 seeking to make such use has acquired the documents, testimony, and/or information from a source

22 independent of the above-captioned action;

23      9.      Within forty-five (45) calendar days of the entry of the final order concluding this

24 judicial proceeding, all "Confidential" documents or things; any copies, summaries, and abstracts

25 thereof; or notes relating thereto, shall be returned to the producing party or destroyed by the receiving

26 party (including by being shredded), at the option of the receiving party, with proof or attestation of

27 such destruction of records being transmitted by the receiving party to the producing party, except as

28 otherwise ordered by the Court or stipulated in writing by the parties.  Counsel of record shall obtain

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

1    return of such information, things, and/or documents from any person to whom that counsel has made

2    available the documents or information produced by the other party designated as "Confidential."

3    Notwithstanding any other language contained in this *Order*, each party's counsel of record shall be

4    allowed to retain for its files a copy of all pleadings, motions, exhibits, or other papers filed and/or

5    lodged with the Court, and of all documents designated by both parties or any non-party as

6    "Confidential" and/or summaries or abstracts thereof (including but not limited to documents of any

7    type prepared by a party and/or counsel that are subject to the attorney-client privilege and/or the

8    attorney work-product doctrine).  All such documents and information retained by counsel of record

9    must be maintained in a confidential manner and used only in accordance with this *Order*.

10        10.    This *Stipulated Protective Order* may be amended, without prior leave of the Court, by

11    the agreement of counsel for the parties in the form of a stipulation and order that shall be filed in this

12    case.  Nothing herein shall be construed so as to prevent any party from seeking relief from this *Order*

13    at any time;

14        11.    The terms of this *Stipulated Protective Order* do not preclude, limit, or otherwise apply

15    to the use of documents at trial;

16        12.    Nothing herein shall be deemed to waive any applicable privilege or work product

17    protection, or to affect the ability of a party to seek relief for an inadvertent disclosure or material

18    protected by privilege or the work product doctrine;

19        13.    Any witness or other person, firm or entity from which discovery is sought may be

20    informed of and may obtain the protection of this *Stipulated Protective Order* by written advice of the

21    parties' respective counsel or by oral advice at the time of any deposition or similar proceeding; and

22        14.    The parties reserve their rights to assert the confidentiality of documents and

23    information produced irrespective of their production pursuant to this *Stipulated Protective Order*.

24    Dated: August 17, 2020                    THE GEDDES LAW FIRM, P.C.

25

26                                              William J. Geddes, Esq.
                                                Nevada Bar No. 6984
27                                              Kristen R. Geddes
                                                Nevada Bar No. 9027
28                                              1575 Delucchi Lane, Suite 206

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

Reno, Nevada 89502
Phone: (775) 853-9455
Fax: (775) 299-5337
Email: Kristen@thegeddeslawfirm.com
*Attorneys for Plaintiffs*

Dated: August 17, 2020

WASHOE COUNTY SCHOOL DISTRICT

*Electronic Signature Authorized*

*/s/ Christopher B. Reich, Esq.*

CHRISTOPHER B. REICH, ESQ.
Nevada Bar No. 10198
Deputy Chief General Counsel
creich@washoeschools.net
NEIL A. ROMBARDO, ESQ.
Nevada Bar No. 6800
Chief General Counsel
nrombardo@washoeschools.net
SARA K. MONTALVO, ESQ.
Nevada Bar No. 11899
General Counsel
sara.montalvo@washoeschools.net
Washoe County School District
P.O. Box 30425
Reno, NV 89520-3425

*Attorney for Defendants*
*WASHOE COUNTY SCHOOL DISTRICT*
*TAMMY HART, JASON URMSTON, AND*
*ROLLINS STALLWORTH*

## **ORDER**

THE COURT, having considered the preceding *Stipulation* and good cause appearing therefor, HEREBY GRANTS the relief and protections requested therein.  IT IS HEREBY ORDERED that the preceding *Stipulation* and this *Stipulated Protective Order* shall be and remain in effect, as stipulated therein.

**IT IS SO ORDERED.**

DATED: ___August 17, 2020_____

_____
**UNITED STATES MAGISTRATE JUDGE**

7